IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRACE LEE,

      Plaintiff,

      v.

HEATHER REED, in her official and individual
capacities, DR. PAT BOSCO, in his official and
individual capacities, JOHN DOE I-X, in their
official and individual capacities, and KANSAS
STATE UNIVERSITY,

      Defendants.

Case No. 16-2089-JAR-GLR

## MEMORANDUM AND ORDER

Plaintiff Grace Lee brings this action against Defendants Heather Reed, Dr. Pat Bosco, Kansas State University ("KSU"), and John Doe I-X alleging deprivation of her due process liberty interest, defamation, and intentional infliction of emotional distress. This matter is before the Court on Plaintiff's Motion for Extension of Time for Serving Summons and Complaint on Defendants John Does I-X (Doc. 13). Plaintiff moves for the Court to extend the time for service of the John Doe Defendants until July 31, 2016. The motion is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court denies Plaintiff's motion for extension of time and dismisses the John Doe Defendants from this case, without prejudice.

## I.  Factual Background

Plaintiff alleges that she enrolled in a doctoral program in the Department of Statistics at KSU in the spring of 2006 and was dismissed from the program in May 2012. Plaintiff's dismissal was the subject of a previous case before the Court, in which the Court granted

summary judgment to Defendants.[1]  The Tenth Circuit affirmed the Court's summary judgment order in an opinion dated April 22, 2016.  Plaintiff filed this action on February 8, 2016. Relevant to this motion, Plaintiff alleges in her Complaint that "the anonymous defendants John Doe I-X who were acting as agents, officers or employees of Kansas State University filed a report with Ms. Reed against Plaintiff, alleging that Plaintiff was yelling and disruptive in the Graduate School office on May 2, 2012."  Plaintiff alleges that the statements by these Defendants were false and contributed to her dismissal.  Plaintiff has not obtained service of process upon the John Doe Defendants.  In her motion, Plaintiff states that she has sought to learn the identity of the John Doe Defendants by writing to Defendant Reed and other KSU personnel, but has not received responses from these parties.

## II.    Discussion

Fed. R. Civ. P. 4(m) states the relevant rules for the timing of service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[2]

The Tenth Circuit has explained that even if a plaintiff has not shown good cause for the failure to timely effect service, the district court should still consider whether a permissive extension of time may be warranted.[3]  "At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.[4]

---

[1] *Lee v. Kansas State University*, 2:12-cv-02638-JAR-TJJ.

[2] Fed. R. Civ. P. 4(m).

[3] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[4] *Id.*

Plaintiff filed her Complaint in this case on February 8, 2016, thereby making her deadline for service of summons May 8, 2016, pursuant to Rule 4(m).  This deadline has passed, and Plaintiff has not obtained service of summons on the John Doe Defendants.  Thus, the Court turns to whether Plaintiff has shown good cause for the court to extend the time for service.

Rule 4(m) does not define the phrase "good cause," and the Tenth Circuit has not had occasion to directly pass upon the meaning of the phrase.  However, other courts that have addressed the issue have explained that courts should assess a variety of factors in determining whether good cause exists, including: whether the plaintiff has demonstrated a good faith effort to effect service; whether the failure to serve is based on some outside factor, such as reliance on faulty advice, rather than inadvertence, negligence, or ignorance of the law; whether the plaintiff has presented a reasonable justification for noncompliance; and whether an extension of time will prejudice the defendant.[5]  Additionally, as Defendant notes, at least two courts have found that plaintiffs could not establish good cause where their claims were deemed to be futile based on an immunity defense and failure to state a claim, respectively.[6]

Here, Plaintiff asserts that she has been unable to effect timely service of process because she is unaware of the identities of the John Doe Defendants.  Certainly, Plaintiff's attempt to learn the identities of these Defendants through emails to Defendant Reed and other KSU

---

[5]*See Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'"); *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (discussing factors indicative of "excusable neglect" under Fed. R. Civ. P. 4(j), the precursor to Rule 4(m)); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990); *G4 Concept Mktg., Inc. v. MasterCard Intern.*, 670 F. Supp. 2d 197 (W.D.N.Y. 2009) (finding that plaintiff's excuse of "ignorance of the law" did not constitute good cause).

[6]*Jackson v. Schryver Med. Sales & Mktg.*, No. 07-CV-01371-WYD- KMT, 2008 WL 3878023, at *1 (D. Colo. Aug. 20, 2008) (finding that plaintiff could not establish good cause because an extension would be futile based on failure to state a claim upon which relief could be granted); *Kennedy v. Grattan Twp.*, No. 106-CV-657, 2007 WL 1108566, at *4 (W.D. Mich. Apr. 10, 2007) (holding that plaintiff could not establish good cause because application of judicial immunity would make extension of time for service futile).

personnel demonstrates at least some effort to effect service.  But Plaintiff has not demonstrated how an extension of time until July 31, 2016—or any date for that matter—will enable her to learn the identities of the John Doe Defendants and effectuate service.  Defendant Reed and the other KSU personnel to whom Plaintiff sent emails do not appear prepared to provide Plaintiff with the identities of the John Doe Defendants by July 31, 2016, and there is no apparent mechanism to compel such information for the purpose of effectuating service.  Thus, an extension of time until July 31, 2016 would be futile.  Any extension beyond that date would also likely be futile, and would constitute an unreasonable delay given the May 8, 2016 deadline for service, thereby prejudicing the John Doe Defendants.  Therefore, because Plaintiff has not provided a reasonable justification for noncompliance with Rule 4(m), the Court finds that she has not met her burden in demonstrating good cause.

Further, the Court finds that dismissal without prejudice, rather than a permissive extension, is warranted in this case.[7]  As explained above, Plaintiff's requested extension would be futile because there is no indication that she would be able to effectuate service within the time of the requested extension.  Plaintiff's requested extension would also be futile based on the application of the statutes of limitations.  The statute of limitation applicable to Plaintiff's liberty interest claim pursuant to 42 U.S.C. § 1983 is two years.[8]  For Plaintiff's state claim alleging intentional infliction of emotional distress, the applicable statute of limitation is also two years.[9]  Finally, Plaintiff's defamation claim under Kansas law is governed by a one-year statute of

---

[7] Rule 4(m) states that a district court, "on its own after notice to the plaintiff" may dismiss an action  for failure to timely serve a defendant.  Based on Plaintiff's filing of her motion for extension of time for service, the Court finds that Plaintiff is on notice of the fact that service has not been timely.

[8] *Jacobs v. Lyon Cnty. Detention Ctr.*, 371 F. App'x 910, 912 (10th Cir. 2010) (citing K.S.A. § 60-513(a)(4)) ("In Kansas, the applicable limitation period [for § 1983 claims] is two years"); *Massey v. Shepack*, 757 P.2d 329, 332 (Kan. Ct. App. 1988).

[9] *Hallam v. Mercy Health Ctr. of Manhattan, Inc.*, 97 P.3d 492 (Kan. 2004) (citing K.S.A. 2003 Supp. 60-513(a)(4)).

limitation.[10]  The sole allegation in Plaintiff's Complaint related to the John Doe Defendants is

that they "filed a report with Ms. Reed against Plaintiff, alleging that Plaintiff was yelling and

disruptive in the Graduate School office on May 2, 2012."  The conduct giving rise to Plaintiff's

claims against the John Doe Defendants occurred nearly four years before Plaintiff filed her

Complaint against them on February 8, 2016.  Therefore, Plaintiff's claims would be barred by

the applicable statutes of limitations.[11]  Accordingly, because an extension of time would be

futile, the Court dismisses Plaintiff's claims against the John Doe Defendants without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Grace Lee's Motion

for Extension of Time for Serving Summons and Complaint on Defendants John Does I-X (Doc.

13) is denied.  The Court dismisses without prejudice Plaintiff's claims against Defendants John

Does I-X, without prejudice.

**IT IS SO ORDERED.**

Dated: July 15, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10]*Meyer Land & Cattle Co. v. Lincoln Cnty. Convervation Dist.*, 29 Kan. App. 2d 746, 751 (Kan. Ct. App. 2001).

[11]Defendants also assert that the John Doe Defendants would be subject to dismissal based on immunity and res judicata/collateral estoppel defenses.  Because the Court finds that the statutes of limitations discussed above would bar Plaintiff's claims against the John Doe Defendants, the Court does not reach Defendants' additional arguments.