IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRACE LEE,

    Plaintiff,

v.                                    Case No. 16-CV-2089-JAR-GLR

HEATHER REED, ET AL.,

    Defendants.

## MEMORANDUM AND ORDER

This case is before the Court on Defendants' Motion to Stay Discovery and Other Rule 26 Activities (ECF 17).  Defendants request that the Court stay discovery, including the parties' obligations under Fed. R. Civ. P 26, until resolution of their Motion to Dismiss, which is pending before the District Judge.[1]  The Motion to Dismiss is based in part on the individual Defendants' assertion of qualified immunity and assertion of Eleventh Amendment immunity by Kansas State University, and would be fully dispositive if decided in Defendants' favor.  Because Defendants assert immunity defenses, they contend that they should not be required to engage in discovery until that issue has been ruled upon.  Plaintiff has not responded to Defendants' motion and the time to do so has expired.[2]  The Court may thus grant Defendants' motion as unopposed.  The motion may also be granted on the merits for the reasons below.

Generally, the policy in this district is not to stay discovery even though dispositive motions are pending.[3]  However, a court may appropriately stay discovery until a pending

---

[1] Doc. 15.

[2] *See* D. Kan. R. 6.1(d)(1) (requiring response to a non-dispositive motion to be filed within 14 days).  The present motion was filed on June 13, 2016, so Plaintiff's response was due by June 27, 2016.

[3] *Wolf v. Unites States*, 157 F.R.D. 494, 495 (D.Kan. 1994).

motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

Another basis for staying discovery is a defendant's assertion of an immunity defense in a dispositive motion.[5]  Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[6]  The Tenth Circuit has emphasized that "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation."[7]  Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."[8]

Because Defendants assert immunity defenses in their pending dispositive motion, the Court finds that a stay of discovery is proper in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Stay Discovery and Other Rule 26 Activities (ECF 17) is granted.

Dated: July 15, 2016

*Gerald L. Rushfelt*
Gerald L. Rushfelt
Magistrate Judge

---

[4] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[5] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[6] *Id.*

[7] *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert*, 500 U.S. at 277).

[8] *Id.*